USDC SDNY
DOCUMENT ELECTRONICALLY FILED
DOC#: ____________
DATE FILED: 3/20/19

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**SEYDOU DIOP,**

**Petitioner,**

**-against-**

**JEFFERSON SESSIONS, ET AL.,**

**Respondent.**

**1:18-cv-08245 (ALC)**

**<u>ORDER</u>**

**ANDREW L. CARTER, JR., United States District Judge:**

Petitioner Seydou Diop brings this petition for a writ of habeas corpus in connection with his detention and deportation by United States Immigration and Customs Enforcement (ICE) pursuant to 28 U.S.C. § 2241; 28 U.S.C. § 1331; Article I, § 9, cl. 2 of the United States Constitution; the All Writs Act, 28 U.S.C. § 1651; the Administrative Procedure Act, 5 U.S.C § 701. On October 31, 2018, Respondents filed a motion to dismiss the petition, ECF No. 30, asserting, *inter alia*, that Petitioner's removal from the United States has rendered his petition moot, which in turn divests the Court of subject matter jurisdiction. Resp't Mem. Supp. Mot. Dismiss, ECF No. 31. Petitioner, who is represented by counsel, did not respond to the motion. Subsequently, the Court issued an order to show cause as to why Respondents' Motion should not be treated as unopposed, to which Petitioner did not respond. ECF No. 33. As such, the Court will treat Respondents' Motion as unopposed. After careful review, Respondents' Motion to Dismiss, ECF No. 30, is **GRANTED**.

## BACKGROUND

### I. Facts

As a brief overview of the facts, Petitioner asserts that he came to the United States from Mali in 1997, but accepted voluntary departure in 2008, which was not effectuated. Am. Pet. Writ of Habeas Corpus ¶ 5, ECF No. 19. Consequently, Petitioner was put under an order of

supervision in 2011 that required routine check-ins. *Id.* Petitioner alleges that he was unlawfully detained by Respondents on August 23, 2018 at a routine check-in, and that on October 1, 2018 Respondents deported Petitioner to Mali without allegedly providing any prior notice or warning. *Id.* at ¶¶ 2-3.

Respondents on the other hand claim that Petitioner was admitted to the United States from Mali in September 1997 on a visitor visa, but overstayed his visa. Resp't Mem. Supp. Mot. Dismiss 1, ECF No. 31. In 2006, Petitioner was criminally charged with exhibiting a false document, and later convicted of improper behavior, which led to removal proceedings in 2007. *Id.* at 2. After these proceedings and Petitioner's subsequent appeals, Petitioner was ordered to voluntarily depart the United States within sixty days on January 29, 2010. *Id.* at 3. Petitioner failed to do so, which led to ICE detaining him on May 15, 2011 for removal purposes. *Id.* On September 13, 2011, ICE released Petitioner on an order of supervision because ICE was unable to secure a travel document to effectuate Petitioner's removal. *Id.* ICE obtained this travel document on August 2, 2018, which was issued on July 27, 2018 and was valid for three months. This led to Petitioner's detention on August 23, 2018 when he reported to ICE for a regular check-in, and his ultimate deportation on October 1, 2018. *Id.*

## II. Procedural History

On September 11, 2018, Petitioner filed a petition for habeas corpus. ECF No. 1. The Court ordered Respondents to respond to Plaintiff's petition, ordered parties to appear for an initial conference on October 1, 2018, and granted Plaintiff's request for counsel on September 13, 2018. ECF Nos. 5-6. On September 19, 2019, Respondents requested an adjournment of the October 1, 2018 initial conference to October 10, 2018 and requested a pre-motion conference in anticipation of a motion to dismiss or motion to transfer, which the Court granted. ECF Nos. 8-

9. Petitioner's pro bono counsel appeared on September 25, 2018 and filed a motion to stay Petitioner's removal on October 1, 2018. ECF Nos. 10-14. On October 2, 2018, however Respondents informed the Court that Petitioner had been removed from the United States mooting his petition. ECF No. 15. Petitioner's counsel filed an Amended Petition on October 2, 2018 and a letter on October 6, 2018 asserting their position regarding Respondent's anticipated motion to dismiss and to transfer. ECF Nos. 18-20. On October 10, 2018, the Court held a conference and ordered parties to brief the outstanding issues of the Court's jurisdiction, the proper venue for the dispute, and mootness. ECF No. 22. Respondents filed their Motion to Dismiss on October 31, 2018, but Petitioner's counsel did not respond. ECF No. 30. On November 19, 2018, the Court issued Petitioner an order to show cause within seven days as to why Respondents' Motion should not be treated as unopposed. ECF No. 33. Petitioner has not responded as of the date of this opinion. The Court now takes up Respondents' Motion to Dismiss.

**ANALYSIS**

Per "Article III of the U.S. Constitution, when a case becomes moot, the federal courts lack subject matter jurisdiction over the action." *Leybinsky v. U.S. Immigration & Customs Enf't*, 553 F. App'x 108, 109 (2d Cir. 2014) (quoting *Doyle v. Midland Credit Mgmt., Inc.*, 722 F.3d 78, 80 (2d Cir.2013)). In the habeas context, a court "retain[s] jurisdiction so long as the petitioner is in custody." *Pierrilus v. U.S. Immigration & Customs Enf't*, 293 F. App'x 78, 79 (2d Cir. 2008). In other words, where a "[p]etitioner was removed from the United States and is no longer in custody . . . the petition no longer presents a live controversy and is moot," warranting dismissal for lack of subject matter jurisdiction. *Alexander v. Shanahan*, No. 16-CV-5629 (RA), 2017 WL 959493, at *1 (S.D.N.Y. Mar. 1, 2017); *see also Li v. Shanahan*, No.

16CV02351PAEBCM, 2016 WL 7077110, at *3 (S.D.N.Y. Oct. 25, 2016), *report and recommendation adopted*, No. 16CIV2351PAEBCM, 2016 WL 7106033 (S.D.N.Y. Dec. 5, 2016) (same); *Garcia v. Holder*, No. 12 CIV. 3792 PAE HBP, 2013 WL 6508832, at *2 (S.D.N.Y. Dec. 11, 2013) (same). As Petitioner in this case was removed from the United States and thereby ICE custody, the petition has been rendered moot divesting the Court of subject matter jurisdiction. Petitioner provides no argument for why this is not so. Accordingly, the petition is dismissed.

**SO ORDERED.**

**Dated: March 20, 2019**
**New York, New York**

**ANDREW L. CARTER, JR.**
**United States District Judge**